# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| ALLISON LEWANDOWSKI, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | Civil Action No. _____ |
| v. ) | |
| ) | [Removal from the Maine District |
| CARE CREDIT/SYNCHRONY BANK, ) | Court, August Division, Docket |
| ) | No. SC 2015 567] |
| ) | |
|     Defendant. ) | |

## NOTICE OF REMOVAL

Defendant Synchrony Bank, improperly named as "Care Credit/Synchrony" ("Synchrony"), by counsel and pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, hereby notices removal of the state court civil action styled as *Allison Lewandowski v. Care Credit/Synchrony, No. SC 2015 567, from the Augusta District Court, Kennebec Superior Court, Maine, Small Claims Division*, to the United States District Court for the District of Maine, and in support thereof states as follows.

## BACKGROUND

1. On or about September 14, 2015, Plaintiff Allison Lewandowski ("Lewandowski") filed a Complaint against Synchrony (the "Complaint") in the Maine District Court, Augusta Division(the "State Court") pursuant to the Maine Small Claims Act, 14 M.R.S. § 7481 *et seq.*, and the Maine Rules of Small Claims Procedure. A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2. On October 5, 2015, counsel for Synchrony received a copy of the Complaint, as filed in the State Court.

3. Except for the notice filed with respect to this Notice of Removal, as of the date of this filing, no pleadings, motions or papers other than the Complaint, have been filed with the State Court in this action.

4. As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Synchrony has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

## GROUNDS FOR REMOVAL

**I.   Synchrony Has Satisfied The Procedural Requirements For Removal.**

5. Synchrony received the Complaint filed in State Court by mail on October 5, 2015; therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because Synchrony is filing its Notice of Removal within 30 days of its receipt of the initial pleading setting forth the claim for relief upon which such action is based.

6. Venue is proper in this Court because the State Court is in this district and division.  *See* 28 U.S.C. §§ 1441 and 1446(a).

7. No previous request has been made for the relief requested herein.

8. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Lewandowski, and a copy is being filed with the State Court Clerk.  A copy of the State Court Notice of Filing of Notice of Removal, without its exhibits, is attached hereto as **Exhibit B**.

**II.  Removal Is Proper Because This Court Has Subject Matter Jurisdiction.**

9. Under 28 U.S.C. § 1331, United States District Courts are vested with jurisdiction to consider cases or controversies "arising under" the laws of the United States of America.  *See* 28 U.S.C. § 1331.

10.	Removal of such cases is governed by 28 U.S.C. § 1441(b). Section 1441(b) makes clear that a case brought in state court, raising a federal question, "*shall* be removable" to the United States District Courts "without regard to the citizenship or residence of the parties." *See* 28 U.S.C. § 1441(b) (emphasis added).

11.	Here, the Complaint purports to assert a claim against Synchrony for alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") and the Fair Debt Collection Practices, Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). *See* Complaint, p. 1.

12.	The Complaint alleges violations of a federal statute—the FCRA and FDCPA—and consequently "arises under" the laws of the United States. *See* 28 U.S.C. § 1331. Therefore, this Court may properly exercise jurisdiction over these claims.

13.	To the extent that any other claims in this action may arise under state law, supplemental jurisdiction over such claims exists because those claims are "so related to [Lewandowski's federal claims] that they form part of the same case or controversy." 28 U.S.C. § 1367.

14.	Given that the requirements for federal question jurisdiction are satisfied, this case is properly removed.

WHEREFORE, Synchrony respectfully requests that the above-referenced action, originally filed in the State Court, be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

Dated: October 7, 2015    Respectfully submitted,

*/s/ Jeremy R. Fischer*
Jeremy R. Fischer
DRUMMOND WOODSUM
84 Marginal Way, Suite 600
Portland, Maine 04101-2480
Telephone: (207) 772-1941
E-mail: jfischer@dwmlaw.com

*Attorney for Defendant Synchrony Bank*

- 4 -

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of October, 2015, a true and correct copy of the foregoing was served via first-class U.S. Mail, postage prepaid, upon the following:

>Allison Lewandowski
>17 Pamela Drive
>Winthrop, Maine 04364
>*Pro se Plaintiff*

Dated: October 7, 2015 */s/ Jeremy R. Fischer*
Jeremy R. Fischer